PEABODY v. SATTERLEE et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1899.)

1. INSURANCE—PROOFS OF LOSS—MAILING.

A condition of a policy requiring insured to furnish proofs of loss within a certain time is not shown to be broken, as a matter of law, by the fact that insurer did not receive them until after such time, where insured mailed them before the time had expired.

2. SAME—QUESTION FOR JURY.

Insured handed proofs of loss and a letter for insurer to insured's mailing clerk to be mailed. The clerk testified that he received a letter from insured and that there was a paper with it; that he made a copy of the letter and inclosed it with "a paper" to insurer's address, and that he mailed the same. The registered receipt was in evidence. *Held* a question for the jury whether proofs of loss were mailed to insurer.

Goodrich, P. J., dissenting.

Appeal from trial term, Queens county.

Action by Rushton Peabody against Douglass R. Satterlee and another, of the firm of D. R. Satterlee & Co., as attorneys and managers for the underwriters at the Lloyds of New York City. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Mortimer M. Menken, for appellant.

George M. Mackellar (Clarence Lexow, on brief), for respondents.

WOODWARD, J. This action was brought to recover the amount of a certain insurance policy written by the defendants as attorneys and managers for the Lloyds of New York City, and the only question before this court is whether the evidence of the plaintiff established compliance with the provisions of the policy under which he claims. The policy is what is known as a "standard policy," and it is provided that "if fire occur, the insured shall give immediate notice of any loss thereby in writing to the attorneys of the underwriters, ❋ ❋ ❋ and, within sixty days after the fire, unless such time is extended in writing by the attorneys of the underwriters, shall render a statement to the attorneys of the underwriters, signed and sworn to by said insured," etc. There was evidence to show that the attorneys of the underwriters were duly notified of the fire, and that about thirty days after the fire proofs of loss were made out, signed, and verified by an agent of the insured, William Hamlin, who afterwards assigned his claim to the plaintiff in this action. Some five or six days later these proofs of loss were returned to Mr. Hamlin, whose attention was called to the fact that it was necessary for him, rather than his agent, to make the proofs of loss. It was further shown by evidence that the agent made out new proofs of loss, and that Mr. Hamlin verified them; and it is claimed on the part of the plaintiff that these later proofs of loss were mailed to the address of the attorneys of the underwriters upon the sixtieth day after the fire, and that the said attorneys received such proofs upon the sixty-first day after the fire. While there are numerous cases reported in which it is held that it is

necessary to comply with the provisions of the clause requiring that proofs of loss shall be rendered to the·attorneys of the underwriters within sixty days of a fire, as a condition precedent to the right of recovery, we are unwilling to say, as a matter of law, that where the plaintiff has complied with all the requirements of the policy within the time given him by its terms to act, and deposited it in the mails, he has forfeited his right to maintain an action for the recovery of the insurance for which he has paid the premiums.    In the case at bar the plaintiff had supplied the proofs of loss about one month after the fire, which, except for the formality of verification by the insured instead of his agent, we may assume correctly stated the facts. The defendants thus had all of the advantages which could come to them from the possession of the proofs of loss; and when the insured had made out a duplicate of these papers and placed them in the United States mails within the time mentioned in the policy, it would be a harsh rule to insist that the papers must be actually within the possession of the defendants within the sixty days.

While the evidence · on the question of mailing the papers to the defendant was not as clear as might have been desired, we believe that it was proper to submit the question to the jury.    There were facts and circumstances from which the inference might properly be drawn that the proofs were properly mailed on the sixtieth day after the fire, and it was for the jury to say whether the plaintiff had established the fact.    It was in evidence that Mr. Hawley, acting for the insured, made out the proofs of loss; that the insured signed and swore to the statement, and that Mr. Hawley handed this paper, with a letter to the defendants, to his mailing clerk to be mailed.    The clerk testifies that he received a letter from Mr. Hawley, and that there was a. paper with the letter; that he made a copy of the letter and inclosed it with "a paper" to the address of the defendants, and that he mailed the same; and the registered letter receipt, or a copy of it, is in evi-. dence.    We are of opinion that the plaintiff had a right to go to the jury on this question; that it was for them to say whether this paper was the one which was signed and sworn to by the insured, and that it was error for the trial court to grant the motion of the defendants dismissing the complaint.    The judgment should be reversed, and a new trial granted; costs to abide the event.    All concur, except GOOD-RICH, P. J., dissenting.